Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
Brisa C. Ramirez #261480, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266-5580
13trustee@oak13.com

**THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

In re

**Maria Elena Cortes Maldonado**

Debtor

**Chapter 13 Case No. 24-10282-DM 13**

Chapter 13 Trustee's Objection to
Modification of Chapter 13 Plan and
Motion to Dismiss Chapter 13 Case

| **Objection Information** |
|---|

Trustee Objects To: Motion to Modify Confirmed Chapter 13 Plan
Filed: 03/25/2026
Docket#: 61

| **Motion To Dismiss Information** |
|---|

☐ Trustee Seeks To Dismiss the Case ☑ Trustee Does Not Seek to Dismiss the Case

**(See II. Motion To Dismiss Below)**

| **Case Information** |
|---|

Petition Filed: May 29, 2024 Attorney Name: EVAN LIVINGSTONE

| **I. Objection** |
|---|

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes modification of the
Chapter 13 Plan on the following grounds:

Case: 24-10282 Doc# 64 Filed: 04/06/26 Entered: 04/06/26 15:07:15 Page 1 of 5

| Post-Confirmation Plan Modification 11 U.S.C. §1329, §1329(b)(1), §1325(a), §1329(c), §1322(b) and §1323(c) |
| --- |

☑  (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: Debtor's modified plan provides for payments of a total of $7000 through February 2026, then $650 x 10, $750 x 15, and $850 x 14.  This is inconsistent with the debtor's actual payments: through February 2026, debtor paid in a total of $7,550; Debtor paid only $600 in March 2026 and has made a payment of $300 in April 2026.

☐  (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐  (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐  (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

☐  (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐  (6) The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☑  (7) The Plan is not feasible. The Debtor will not be able to make all payments under the plan and comply with the plan.  [11 U.S.C.§1325(a)(6)]

Facts: The monthly plan payments are not sufficient to pay the monthly dividends provided for in the plan (and applicable trustee compensation) in the following months: December 2026, and October 2027 through March 2028.

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor(s) have not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1329(b)(1)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☑ (14) Other: Additional Plan Issues

Facts: Re: the payments proposed in Section 5, Class 2, to Lake County: the Trustee requests a modified plan which outlines: 1) the amounts paid (separated between principal ($600.07) and interest ($3,392.43); the balance owed; and 2) how the balance is to be paid going forward (with a month/year format) in a way that is feasible with the debtor's plan payments. The order confirming plan provided for a 37% dividend to general unsecured creditors; per debtor's motion, the same amount will be paid to unsecured creditors but then provides for a 0% dividend.

## III. Trustee's Recommendation/Analysis

☑    The Motion to Modify the Plan should be denied.

☐ Other:

Case: 24-10282   Doc# 64   Filed: 04/06/26   Entered: 04/06/26 15:07:15   Page 3 of 5

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to Motion to Modify of the plan be sustained.

☐ That the Debtor's case be dismissed.

Such other and further relief as the court deems proper.

Date: April 06, 2026                                   /s/ Trustee Martha G. Bronitsky
                                                                    Trustee Martha G. Bronitsky
                                                                    Chapter 13 Trustee

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 06, 2026

/s/ Olga Gonzalez

Olga Gonzalez

Maria Elena Cortes Maldonado
14620 Pearl Ave
Clearlake,CA 95422

Evan Livingstone
Law Office Of Evan Livingstone
2585 Sebastopol Rd Unit 7265
Santa Rosa,CA 95407

Debtor

(Counsel for Debtor)